**HAMILTON, Collector of Internal Revenue, v. KENTUCKY DISTILLERIES & WAREHOUSE CO.**

(Circuit Court of Appeals, Sixth Circuit. April 3, 1923.)

No. 3654.

1. **Internal revenue ⬤⟹24—"Withdrawn," in statute, equivalent to "removed."**

In Revenue Act, § 600 (a), being Comp. St. Ann. Supp. 1919, § 5986e, imposing a tax on distilled spirits then in bond, payable when they are withdrawn, the word "withdrawn" is not used in the limited and technical sense of a lawful withdrawal, but is equivalent to "removed."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Remove—Removal.]

2. **Statutes ⬤⟹225—Recourse cannot be had to prior statute to create ambiguity.**

Where a statute is ambiguous, a prior act from which it was taken, or of which it is a revision, or relating to the same subject-matter, may be considered in determining the true intent and purpose of Congress, but recourse cannot be had to a prior statute to create an ambiguity.

3. **Internal revenue ⬤⟹24—Tax on spirits stolen from bonded warehouse.**

Under Revenue Act, § 600 (a), being Comp. St. Ann. Supp. 1919, § 5986e, providing that "there shall be levied and collected on all distilled spirits now in bond * * * a tax of $2.20 (or, if withdrawn for beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage, a tax of $6.40) on each proof gallon, * * * to be paid by the distiller or importer when withdrawn," where spirits were stolen from a bonded warehouse, without the knowledge or connivance of the owner, he is liable for the tax thereon, but only at the rate of $2.20 per gallon.

In Error to the District Court of the United States for the Western District of Kentucky; Walter Evans, Judge.

Action by the Kentucky Distilleries & Warehouse Company against Elwood Hamilton, Collector of Internal Revenue for the Collection District of Kentucky. Judgment for plaintiff, and defendant brings error. Reversed, subject to remittitur by plaintiff.

For opinion below, see 274 Fed. 209.

W. S. Ball, U. S. Atty., of Louisville, Ky. (W. V. Gregory, U. S. Atty., and Claude Hudgins, Asst. U. S. Atty., both of Louisville, Ky., on the brief), for plaintiff in error.

Wm. Marshall Bullitt, of Louisville, Ky., for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. On the night of January 30, 1920, a number of persons, among whom was a deputy collector of internal revenue, unlawfully gained access to the bonded warehouse of the Kentucky Distilleries & Warehouse Company at Latonia, Ky., and removed therefrom 14 barrels of whisky belonging to that company.

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

None of these persons were in the employ of or in any manner under the control of the Kentucky Distilleries & Warehouse Company, and the theft of this whisky was committed without knowledge, consent, connivance, or approval of that company, or any of its officers, agents, servants, or employés.

Thereafter the Commissioner of Internal Revenue assessed a tax upon this whisky so stolen, against the Kentucky Distilleries & Warehouse Company, of $6.40 per tax gallon, amounting to $4,686.08, which tax was paid under protest. The company then filed with the Commissioner a claim for the refund of these taxes, with interest from date of payment, which claim was held by the Commissioner of Internal Revenue for more than six months, without refunding or refusing to refund the same.

Suit was brought in the District Court by the company against the collector for the recovery of the taxes which had been paid on this stolen whisky. The District Court overruled a demurrer to the company's petition, and, the collector refusing to plead further, a judgment was entered for the full amount of the taxes paid, with interest from August 24, 1920, and for costs. The record presents but two questions: First, whether this company is liable to pay this tax; second, if liable, the tax per gallon that should be assessed thereon.

[1] The pertinent parts of section 600(a) of the Revenue Act of February 24, 1919 (Comp. St. Ann. Supp. 1919, § 5986e), commonly known as the Revenue Act of 1918, under authority of which this tax was assessed by the internal revenue collector, reads as follows:

"There shall be levied and collected on all distilled spirits now in bond * * * in lieu of the internal revenue taxes now imposed thereon by law, a tax of $2.20 (or, if withdrawn for beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage, a tax of $6.40) on each proof gallon, or wine gallon when below proof, * * * to be paid by the distiller or importer when withdrawn, and collected under the provisions of existing law."

It is admitted by the Kentucky Company that, prior to the increase of this tax as a war revenue measure, a distiller would have been liable for the payment of internal revenue tax upon distilled spirits stolen from a bonded warehouse without his knowledge, consent, connivance, or negligence. But it is contended that there is such a substantial change in the wording of recent legislation increasing this tax as to indicate an intent to relieve the distiller from this increased burden when the whisky is removed without his knowledge or consent. In support of this construction of the later statutes, it is said that the verb "remove" was always used in the prior statutes, imposing a tax upon distilled spirits, in the broad sense of a physical removal or transportation, and that the verb "withdrawn" was used in the limited and technical sense of a lawful withdrawal or movement of distilled spirits; that simultaneously with the large increase of tax on distilled spirits for war revenue purposes, and in order to avoid the harshness of prior rulings, which became oppressive with the trebling of the tax, Congress completely abandoned the former phraseology used in every prior Revenue Act for nearly 50 years, and, instead of making the tax due and payable upon "removal," made it due and payable

"when withdrawn"; that therefore distilled spirits *removed* by theft, without the knowledge, consent, connivance, or negligence of the distiller, are not *withdrawn* within the meaning of section 600(a) of the Revenue Act of 1918 above quoted.

[2] Where the language of an act is clear and unambiguous, and when standing alone it is fairly susceptible of but one construction, that construction must be given it. There is no ambiguity in the language of this act. Webster defines "withdraw": "To take back or away; to remove; to draw back; to cause to move away." Other lexicographers give substantially the same definition. There is nothing in this statute itself to indicate that Congress intended to use the word "withdraw" in a limited or technical sense, or that in the construction of this act it should not be given its usual and ordinary meaning. Where a statute is ambiguous, a prior act from which it was taken, or of which it is a revision, or relating to the same subject-matter, may be considered by a court in determining the true intent and purpose of Congress, but recourse cannot be had to a prior statute to create an ambiguity. Hamilton v. Rathbone, 175 U. S. 414, 419, 20 Sup. Ct. 155, 44 L. Ed. 219, and cases there cited.

If this act were to be construed as requiring payment of the tax only when distilled spirits are lawfully withdrawn in accordance with the regulations of the Internal Revenue Department, it would necessarily follow that, where such spirits are physically removed from a bonded warehouse by the distiller or with his knowledge and consent, otherwise than in conformity with the regulations of the department, no tax could be assessed thereon or collected from the distiller. In the opinion of a majority of this court, this was not the purpose and intent of Congress; otherwise the provisions of the Act of November 23, 1921 (42 Stat. 227), exempting stolen distilled spirits from the payment of this tax, would have been wholly unnecessary and meaningless.

The Act of November 23, 1921, expressly provides, among other things, that if distilled spirits are lost by theft from a distillery or other bonded warehouse, and it shall be made to appear to the Commissioner that such losses did not occur as the result of negligence, connivance, collusion, or fraud on the part of the owner or persons legally accountable for such distilled spirits, no tax shall be assessed or collected upon the distilled spirits so lost. This exemption from tax and penalty may be allowed only to the extent that the claimant is not indemnified against or recompensed for such loss. This provision also applies to any claim for taxes or tax penalties that may have accrued since the passage of the National Prohibition Act (41 Stat. 305).

It is suggested on behalf of the plaintiff in error that the government's claim for taxes on these distilled spirits did not accrue until they were stolen and removed from the warehouse, January 30, 1920, several months after the National Prohibition Act was passed; that for this reason no tax should be assessed or collected upon the distilled spirits so lost. The judgment in this case was entered several months prior to the passage of the Act of November 23, 1921. The petition contains no averment that the claimant was not indemnified against, or recompensed in whole or in part, for such loss. For this reason this

record would not present the question of the application of the Act of November 23, 1921, to the facts in this case, even if that act had been passed prior to the entering of the judgment. Nor can this court assume at this time that this question will ever be presented for judicial determination in this case. In any event the question is primarily for the determination of the District Court upon proper pleadings and proof, unembarrassed by any suggestion from this court in reference thereto.

[3] Sec. 600 (a) of the Revenue Act of February 24, 1919, specifically provides that there shall be levied and collected on all distilled spirits now in bond, in lieu of the internal revenue tax now imposed by law, a tax of $2.20 per gallon. The amount of the tax imposed by this statute is fixed, definite, and certain, and attached to distilled spirits, then in bond, when that act went into effect, although a claim for such taxes may not have arisen in favor of the government until the spirits were withdrawn. The further provision that there shall be assessed and collected a tax of $6.40 per gallon, if the distilled spirits are withdrawn for beverage purposes, or for the manufacture or production of any article intended for use as a beverage, is conditional, and could not attach until the purpose for which it was withdrawn was known or declared by the distiller or importer who is charged with the payment of this tax.

It would seem to be clear that this provision contemplates the purposes for which the distiller or importer withdraws the whisky, and not the purposes of a thief. In other words, the statute absolutely required the distiller or importer to pay a tax of $2.20 per gallon. That was the amount for which the distiller was liable at all times these distilled spirits were in the warehouse, and he could not be charged with a larger amount unless he withdrew it or an importer withdrew it for beverage purposes. It would seem that the purposes for which it was stolen, and for which purposes the distiller is in no wise responsible, cannot affect or increase his liability for the payment of taxes. However that may be, no presumption obtains as against the distiller that this whisky was stolen for beverage purposes.

For the reasons stated, this court is of the opinion that the petition states a cause of action for the recovery of the tax paid in excess of $2.20 per wine gallon, but that upon the facts stated in the petition the judgment, in so far as it includes a recovery for the tax of $2.20 per wine gallon imposed by the statute and which attached to the distilled spirits in the warehouse, is excessive and erroneous, and must be reversed and a new trial had unless the defendant in error shall within 30 days from the filing of this opinion (or within such further time as may be given by the District Court) duly enter its remittitur of the judgment rendered to the extent of $2.20 per gallon on 732.2 gallons of distilled spirits, amounting to $1,610.84, with interest thereon from August 24, 1920, and within such time file in this court due certificate of the fact of such remittitur. In case such action is taken, the judgment of the District Court, as so reduced, will be affirmed. Otherwise, the judgment will be reversed, and the cause remanded for new trial.