### BULLOCK v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit.   May 8, 1923.)

No. 3705.

1. **Indictment and information ⟨⟩203—Conviction on several counts not disturbed, where sustainable on any one count, and fine imposed authorized on any count.**

Where two indictments were consolidated for trial, one charging in three counts conspiracy, and the other likewise in three counts charging the commission of substantive offenses, which were the subject-matter of the conspiracies charged in the other indictment, a judgment of conviction on all of the conspiracy counts and on two of the counts charging the substantive offense, will not be disturbed, where the conviction is sustainable under any count, and the only punishment imposed was a fine in an amount less than that which could be imposed on either count.

2. **Internal revenue ⟨⟩2—Statute punishing gaining access to contents of distillery cistern or building in absence of proper officer not repealed by National Prohibition Act.**

Rev. St. § 3268 (Comp. St. § 6006), providing for the punishment of one who gains access to the contents of any distillery cistern or building in the absence of the proper officer, was not repealed by the National Prohibition Act, in view of Revenue Act 1918, § 600a (Comp. St. Ann. Supp. 1919, § 5986e), imposing taxes on distilled liquors in bond, to be paid by the distiller when withdrawn, and in view of National Prohibition Act, tit. 2, § 37, expressly permitting the storage and limiting transportation under permit of liquor manufactured prior to the act.

3. **Criminal law ⟨⟩1159(4)—Credibility of witnesses for jury, and not for appellate court.**

In a prosecution for crime, the credibility of witnesses is peculiarly within the province of the jury, and the court on appeal cannot determine the weight of evidence.

4. **Criminal law ⟨⟩878(4)—Acquittal of substantive offense constituting overt act not inconsistent with conviction of conspiracy.**

Where a prosecution under an indictment charging conspiracy was consolidated for trial with an indictment alleging the substantive offenses alleged to be the object of the conspiracy, there was no inconsistency between the acquittal of less than all of the defendants for the substantive act, which was the overt act alleged in the count charging conspiracy and the conviction for conspiracy to commit such offense; it not being necessary under the conspiracy charge that all the conspirators take part in the overt act.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Criminal proceedings by the United States against L. E. Bullock. From a judgment of conviction, defendant brings error.   Affirmed.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A. E. Stricklett, of Covington, Ky. (Maurice L. Galvin, of Cincinnati, Ohio, A. E. Stricklett, of Covington, Ky., on the brief), for plaintiff in error.

Sawyer A. Smith, U. S. Atty., of Covington, Ky. (Rodney G. Bryson, of Covington, Ky., on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. Plaintiff in error was tried for violation of certain revenue sections upon two indictments (consolidated for purposes of trial), the one containing three counts charging conspiracy to violate the provisions, respectively, of R. S. § 3268 (Comp. St. § 6006), which punishes the gaining of access to the contents of any distillery cistern or building in the absence of the proper officer, and R. S. § 3296 (Comp. St. § 6038), which punishes removing or abetting removal of distilled spirits from a distillery warehouse in any manner other than provided by law, as well as concealing or aiding in the concealment of spirits so removed. The other indictment (likewise in three counts) charged the commission of the substantive offenses which were subject-matter of the conspiracies charged in the other indictment. The various offenses were alleged to have been committed January 31, 1920, and thus after the taking effect of the Volstead Act (41 Stat. 305). Dillon v. Gloss, 256 U. S. 368, 41 Sup. Ct. 510, 65 L. Ed. 994.

Several defendants were charged in each indictment. There was conviction upon all three of the conspiracy counts and upon the two counts charging substantive offenses under section 3296, with acquittal upon the count charging the substantive offense under section 3268. This review presents only the contentions, first, that revenue sections 3268 and 3296 were repealed by the National Prohibition Act (41 Stat. 305); and, second, an absence of evidence connecting plaintiff in error with the commission of the offenses charged. The judgment imposed a fine of $500 without imprisonment.

[1] As this sentence was less than that imposable under either count, the judgment is not assailable provided the conviction is sustainable under any count. Claassen v. United States, 142 U. S. 140, 12 Sup. Ct. 169, 35 L. Ed. 966; Pierce v. United States, 252 U. S. 239, 252, 253, 40 Sup. Ct. 205, 64 L. Ed. 542; Baird v. United States (C. C. A. 6) 279 Fed. 509, 511. The Circuit Court of Appeals for the Fourth Circuit has held R. S. § 3296 (Comp. St. § 6038), repealed by the National Prohibition Act. Reed v. Thurmond, 269 Fed. 252. The Circuit Court of Appeals for the Second Circuit, however, has held the section not repealed. Maresca v. United States, 277 Fed. 727, 746. We find it unnecessary to pass upon this question, because we think it clear that R. S. § 3268 (Comp. St. § 6006), was not repealed. The Supreme Court has held several of the revenue sections so repealed, viz.: R. S. § 3279 (Comp. St. § 6019), punishing the failure of distillers and rectifiers to put up signs; section 3281 (Comp. St. § 6021), relating to the carrying on of a distilling business without giving the bond required by law; section 3282 (Comp. St. § 6022), forbidding the making or fermentation of mash, etc., fit for distillation or for the production of spirits and alcohol in any place other than a duly authorized dis-

tillery—in each of the three sections mentioned, so far at least as concerns liquor for beverage purposes (United States v. Yuginovich, 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. 1043); and R. S. § 3257 (Comp. St. § 5993), which punishes a distiller for defrauding the United States of the tax on spirits; also section 3258¹ (Comp. St. § 5994), relating to the registering of stills, and section 3242 (Comp. St. § 5965), punishing the carrying on of the business of rectifier or wholesale or retail liquor dealer without payment of the special tax (United States v. Stafoff, 43 Sup. Ct. 197, 67 L. Ed. ——, decided by the Supreme Court January 2, 1923). This court has held R. S. § 3265 (Comp. St. § 6003), punishing the setting up of a still without permit therefor, likewise repealed by implication (Rossman v. United States, 280 Fed. 950); and has held so repealed (as have several other courts) R. S. § 3450 (Comp. St. § 6352), so far as concerns vehicles used in transporting or selling intoxicating liquor manufactured and intended for beverage purposes (Lewis v. United States [C. C. A.] 280 Fed. 5).

With respect to each of these revenue sections which have been held so repealed, the basis of such conclusion is that under the National Prohibition Act the production of liquor, etc., for beverage purposes is forbidden by law, or that the subject-matter of the revenue section was covered by the Prohibition Act, or that under that act penalties and results were provided differing from and inconsistent with those imposed by the Revenue Act. R. S. § 3268 (Comp. St. § 6006), which we are considering, provides:

"Every person who destroys, breaks, injures or tampers with any lock or seal which may be placed on any cistern room or building by the duly authorized officers of the revenue, or opens said lock or seal, or the door to said cistern room or building, or in any manner gains access to the contents therein, in the absence of the proper officer, shall be" punished, etc.

[2] Section 3268 plainly does not relate to a business rendered unlawful by the National Prohibition Act. By section 600a of the Revenue Act of 1918 (40 Stat. 1105 [Comp. St. Ann. Supp. 1919, § 5986e]) taxes were imposed upon "all distilled spirits now in bond, or that have been or that may be hereafter produced in or imported into the United States [with an exception not here important], to be paid by the distiller or importer when withdrawn, and collected under the provisions of existing law." Section 37 of title 2 of the National Prohibition Act expressly permits continued storage in United States bonded warehouses of all liquor manufactured prior to the taking effect of the act, and for limited transportation thereof under permit therefor, creating conditions recognized by cases such as Corneli v. Moore, 257 U. S. 491, 42 Sup. Ct. 176, 66 L. Ed. 332; Small Grain Distilling Co. v. Hamilton (C. C. A. 6) 276 Fed. 544; Parilla v. United States (C. C. A. 6) 280 Fed. 761; Hamilton v. Ky. Distilleries & W. H. Co., 288 Fed. 326, decided by this court April 3, 1923.

The National Prohibition Act did not expressly repeal the revenue sections generally. It merely provides (section 35, title 2) that "all provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency." We find nothing in section 3268 inconsistent with the provisions of the National Prohibition Act; nor

is the subject-matter of that section in terms covered by the act referred to. It is true that section 9, title 3, which relates to industrial alcohol, exempts from the provisions of numerous sections, including section 3268, industrial alcohol plants and bonded warehouses established under the provisions of the title referred to; but there is nothing in this record suggesting that the distillery in question was an industrial alcohol plant. On the contrary, access to whisky stored in the warehouse (not industrial alcohol) is the subject of the conspiracy charged. The exemption of revenue section 3268 from the provisions of the National Prohibition Act so far as it relates to industrial alcohol plants is inconsistent with an intention to repeal that revenue section generally. This feature apart, section 3 of title 2 provides that no person shall, after the Eighteenth Amendment goes into effect, "manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor except as authorized in this act." Section 25 of the same title makes it unlawful "to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title or which has been so used"; and section 29 provides specific punishment for manufacturing or selling liquor in violation of that title, with general provision for punishment for violations for which special penalty is not prescribed, to the extent of fine for a first offense, fine or imprisonment for a second offense, and for subsequent offenses fine and imprisonment. We cannot think that the provisions in any or either of these sections of the National Prohibition Act relating to the possession and transportation of liquor cover or are intended to cover violations of section 3268.

[3, 4] In our opinion defendant's contention of lack of evidence to support his conviction of conspiracy to violate R. S. § 3268, cannot be sustained. If the jury believed the testimony of one of the government's witnesses there was substantial evidence tending to sustain that charge. It was for the jury to pass upon the facts. The credibility of witnesses is peculiarly within its province. This court cannot determine the weight of the evidence. Burton v. United States, 202 U. S. 344, 373, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392; Kelly v. United States (C. C. A. 6) 258 Fed. 392, 406, 169 C. C. A. 408; West v. United States (C. C. A. 6) 258 Fed. 413, 421, 169 C. C. A. 429. The fact that the overt act alleged in the count charging conspiracy to violate R. S. § 3268 was the substantive offense charged in the count on which plaintiff in error was acquitted is not fatal to the conviction. It was not necessary, under the conspiracy charge, that all the conspirators take part in the overt act. U. S. Criminal Code, § 37 (Comp. St. 10201); Grayson v. United States (C. C. A. 6) 272 Fed. 553, 557, and cases there cited. There was thus no inconsistency between the acquittal of the substantive act and the conviction of conspiracy to commit such offense. The fact that "they, the said defendants," generally were alleged to have committed the overt act does not change the situation.

The judgment of the District Court is affirmed.