## SKILKEN v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit.   November 6, 1923.)

### No. 3805.

1. **Internal revenue ⟨⟩11—Intoxicating liquors may be taxed.**

Congress may tax intoxicating liquors, notwithstanding their production and sale are prohibited.

2. **Internal revenue ⟨⟩2—Bottling in Bond Act not repealed by Eighteenth Amendment or National Prohibition Act.**

Revenue Act March 3, 1897, § 7 (Comp. St. § 6076), providing a punishment for forging and counterfeiting United States bottling in bond strip stamps, was not repealed by the Eighteenth Amendment and National Prohibition Act, § 12, which requires labels to be attached to containers of intoxicating liquors, in view of the fact that the Prohibition Act did not expressly repeal taxation of distilled spirits in bond or the practice of bottling in bond, and that title 2, § 35, declares that all inconsistent provisions of law are repealed only to extent of such inconsistency, that the regulations therein prescribed shall be construed in addition to existing laws, and that the act should not relieve any one from paying any taxes or charges imposed on the manufacture or traffic in such liquor.

In Error to the District Court of the United States for the Southern District of Ohio; John E. Sater, Judge.

Alexander Skilken was convicted of conspiring to violate Revenue Act March 3, 1897, § 7 (Comp. St. § 6076), by forging and counterfeiting United States bottling in bond strip stamps, and by using, selling, and possessing such forged and counterfeited stamps, and he brings error.   Affirmed.

For opinion below, see 293 Fed. 916.

Mattern, Brumbaugh & Mattern, of Dayton, Ohio, for plaintiff in error.

James R. Clark, Sp. Asst. Atty. Gen., and Benson W. Hough, U. S. Atty., of Columbus, Ohio, for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge.   [1, 2] This writ is brought to review the conviction of plaintiff in error (hereinafter called defendant) of conspiracy to violate the Revenue Act of March 3, 1897 (29 Stat. c. 379, § 7, p. 628; Comp. St. § 6076), by forging and counterfeiting United States bottling in bond stamps known as "strip" stamps, and by using, selling, and possessing such forged and counterfeited stamps. Defendant's sole contention here is that the revenue section in question was repealed by the Eighteenth Amendment and the National Prohibition Act (41 Stat. 305)—the alleged conspiracy and overt acts thereunder being laid during a period subsequent to the effective date of the last-named act.

We think it clear that the revenue section in question was not repealed by the National Prohibition Act.   That act in terms repealed neither the revenue section we are considering nor the revenue sections generally.   It merely declares (section 35, tit. 2) that "all provisions of law that are inconsistent with this act are repealed only to the extent

of such inconsistency." Congress may tax intoxicating liquors notwithstanding their production and sale are forbidden. United States v. Yuginovich, 256 U. S. 462, 41 Sup. Ct. 551, 65 L. Ed. 1043. The Volstead Act did not do away with the taxation of distilled spirits in bond or with the then existing practice of bottling in bond. On the contrary, the act expressly provides (section 35, tit. 2), not only that "the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws," but that the act "shall not relieve anyone from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor."

Several of the revenue sections existing when the Volstead Act took effect have been held repealed thereby, viz.: R. S. § 3279 (C. S. § 6019), punishing the failure of distillers and rectifiers to put up signs; (section 3281 (C. S. § 6021), relating to the carrying on of a distilling business without giving the bond required by law; section 3282 (C. S. § 6022), forbidding the making or fermentation of mash, etc., fit for distillation or for the production of spirits and alcohol in any place other than a duly authorized distillery—in case of each of the three sections mentioned, so far at least as concerns liquor for beverage purposes (United States v. Yuginovich, supra); and R. S. § 3258 (C. S. § 5994), relating to the registering of stills, and section 3242 (C. S. § 5965), which concerns the carrying on of the business of rectifier or wholesale or retail liquor dealer without payment of the special tax (United States v. Stafoff, 260 U. S. 477, 43 Sup. Ct. 197, 67 L. Ed. 358). This court has held that R. S. § 3265 (C. S. § 6003), which punishes the setting up of a still without permit therefor, is likewise repealed by implication (Rossman v. United States [C. C. A. 6] 280 Fed. 950); and has held so repealed (as have several other courts) R. S. § 3450 (C. S. § 6352), so far as concerns vehicles used in transporting or selling intoxicating liquors manufactured and intended for beverage purposes (Lewis v. United States [C. C. A.] 280 Fed. 5).

With respect to each of these revenue sections which have been held so repealed, the basis of such holding is that under the National Prohibition Act the production, etc., of liquor for beverage purposes is forbidden by law, or that the subject-matter of the revenue section was covered by the National Prohibition Act, or that under that act penalties and results were provided differing from and inconsistent with those imposed by the Revenue Act. This court has held, however,[1] that R. S. § 3268 (C. S. § 6006), providing for the punishment of one who gains access to the contents of any distillery, etc., in the absence of the proper officer, is not repealed by the national prohibition act, in view of the Revenue Act of 1918, § 600a (C. S. Ann. Supp. 1919, § 5986e), imposing taxes on distilled liquors in bond, and in view of section 37, tit. 2, of the National Prohibition Act, which expressly permits the storage and limited transportation, under permit, of liquor manufactured prior to the taking effect of the act, creating conditions such as recognized by Corneli v. Moore, 257 U. S. 491, 42 Sup. Ct. 176, 66 L. Ed. 332; Small Grain Distilling Co. v. Hamilton (C. C. A. 6)

---

[1] Bullock v. United States (C. C. A.) 289 Fed. 29.

276 Fed. 544; Parilla v. United States (C. C. A. 6) 280 Fed. 761; Hamilton v. Kentucky Distilleries & W. H. Co. (C. C. A. 6) 288 Fed. 326.[2]

We find in the National Prohibition Act no substitute for the then and previously existing "strip" stamp provision. The continued use of such stamps was impliedly recognized by the provision in section 35 that "no liquor revenue stamps or tax receipts for any illegal manufacture or sale shall be issued in advance," etc. It specifically appears that the use of the strip stamps provided for by the Act of March 3, 1897, before referred to, has been continued since the taking effect of the Volstead Act. The department regulations, adopted immediately after the taking effect of the Volstead Act, required a label, "in addition to the caution notice and 'strip' stamp required by the bottled in bond regulations." Nor do we find in the Volstead Act any provision for punishing the counterfeiting of bottling in bond stamps; for, while section 12 of title 2 provides what the label shall contain, nothing is said about the stamp. There is thus no inconsistency between the Volstead Act and the revenue section of March 3, 1897, with which we are concerned.

The judgment of the District Court is affirmed.

---

[2] The continued liability of distilled spirits in bonded warehouses to the payment of the revenue taxes is recognized by Congress in the passage of the so-called "concentration act" of February 17, 1922 (chapter 55, 42 Stat. 375), which provides for the removal, under regulations prescribed by the Commissioner of Internal Revenue, of distilled spirits from internal revenue bonded warehouses to any other such warehouse, and for their bottling in bond in the latter, before or after payment of the tax. See Stiles v. Simon, 290 Fed. 865, decided by this court July 17, 1923.