## GOLDBERGER v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. February 13, 1925.)

No. 3205.

1. **Indictment and information** ⟜62—**Indictment for using and possessing counterfeit internal revenue stamps held sufficient.**

An indictment, under Bottling in Bond Act, § 7 (Comp. St. § 6076), for using and possessing, with intent to defraud, "forged and counterfeited stamps of the kind prescribed by the Commissioner of Internal Revenue," is sufficient, and need not allege that such stamps were prescribed and issued with the approval of

the Secretary of the Treasury, as such approval, which is required by the act, will be presumed.

## 2. Criminal law ⬲1186(4)—Technical defect in indictment not ground for reversal.

Under Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246), a technical defect in an indictment, *held* not ground for reversal of the judgment.

## 3. Indictment and information ⬲171—Proof which merely goes beyond allegations of indictment not a variance.

If an indictment is sufficient, evidence which meets its allegations and proves something more, without proving an offense different from that charged, does not constitute a variance.

## 4. Internal revenue ⬲47—Evidence of intent to defraud held admissible in prosecution for possessing counterfeit stamps.

In a prosecution, under Bottling in Bond Act, § 7 (Comp. St. § 6076), for using or possessing forged strip stamps, such as are prescribed under the act, the fact that defendant could not lawfully, use genuine stamps does not disprove an intent to defraud, which extends to purchasers as well as the government, and may be established by showing that defendant possessed not only the forged stamps, but many bottles of liquor.

In Error to the District Court of the United States for the District of Delaware; Hugh M. Morris, Judge.

Criminal prosecution by the United States against Isador Goldberger. Judgment of conviction and defendant brings error. Affirmed.

Aaron Finger, of Wilmington, Del., for plaintiff in error.

David J. Reinhardt, U. S. Atty., and James H. Hughes, Jr., Sp. Asst. U. S. Atty., both of Wilmington, Del.

Before BUFFINGTON, WOOLLEY and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The Act of Congress approved March 3, 1897 (29 Stat. 626 [Comp. St. § 6070 et seq.]), generally known as the Bottling in Bond Act, requires, by section 1 (Comp. St. § 6070), that over the mouth of every bottle filled with distilled spirits in bond there shall be affixed an engraved strip stamp; by section 2 the Act (Comp. St. § 6071) provides that these shall be of the kind "that the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, may, * * * prescribe and issue"; and by section 7 the Act (Comp. St. § 6076) defines the offense for violating its terms as follows:

"That every person who, with intent to defraud, falsely makes, forges, alters, or counterfeits any stamp made or used under any provision of this act, or who uses, sells, or has in his possession any such forged, altered, or counterfeited stamps * * * shall * * * be punished. * * *"

Goldberger was tried upon an indictment containing five counts drawn under this statute. The first count charges the use, the second the possession, and the third the use and possession of "forged and counterfeited stamps of the kind prescribed by the Commissioner of Internal Revenue for use in affixing to and passing over the mouths of bottles in the bottling of distilled spirits in bond." The fourth and fifth counts charge the use and possession of paper in imitation of paper of the kind used by the Government in the manufacture of the stamps. The jury rendered a verdict of guilty on the first, second and third counts and not guilty on the fourth and fifth counts, Goldberger made a motion in arrest of judgment, attacking the indictment and the verdict. The court refused the motion and imposed sentence. By this writ of error Goldberger renews his attack upon the first three counts of the indictment and upon the verdict on these grounds: One, that the counts do not charge the offense of the statute in that, in alleging that the defendant used and possessed forged and counterfeited stamps of the kind prescribed by the Commissioner of Internal Revenue, they omit an essential averment that the stamps were prescribed by him "with the approval of the Secretary of the Treasury"; the other, that as the evidence showed the stamps in question were counterfeits of the kind prescribed by the Commissioner of Internal Revenue "with the approval of the Secretary of the Treasury," there was a fatal variance between this evidence, showing the Secretary's approval, and the counts which omitted reference to the issue of stamps with his approval.

[1, 2] In defining the offense, the statute concerns itself with the use and the possession of forged and counterfeit internal revenue stamps with intent to defraud. It is with these offenses the defendant is charged. On the question of the sufficiency of the indictment we observe that in order for him to defend the charge and not be tried again for the same offense on a like accusation the defendant is, without doubt, entitled to be informed of the kind of forged and counterfeited stamps he is charged to have used and possessed. And, we think, these three counts of the indictment give him this information by describing the genuine stamps as "the kind prescribed by the Commission-

er of Internal Revenue" for a specific use, and averring that the defendant used and possessed counterfeited stamps of this kind, "contrary to the form of the statute in such case made and provided." Though not pleaded by title, the Act of March 3, 1897, is clearly the statute declared upon, for it is the only Bottling in Bond Act in the federal statutes, and, accordingly, the strip stamps provided by it are the only strip stamps required to be affixed to the mouths of bottles containing distilled spirits bottled in bond and are the only ones that the Commissioner of Internal Revenue may prescribe and issue for that purpose. Whether the Secretary of the Treasury gave his approval to stamps prescribed by the Commissioner is a matter which might arise in a civil action against the Commissioner, and, conceivably, in a criminal action against him; but that stamps of this kind regularly prescribed and issued by the Commissioner in the course of his official duties have received this approval is a matter which, we apprehend, need not be averred in order to charge the offense, for the law supplies the omission by raising the presumption that the Commissioner acted with the requisite authority. Maresca v. United States (C. C. A.) 277 F. 727, 735. In any event we are of opinion that if the omission of an averment of approval by the Secretary of the Treasury to an issue of stamps of the kind here counterfeited was a defect, the sentence must be sustained under authority of Section 269 of the Judicial Code, as amended by the Act of February 26, 1919, 40 Stat. 1181. (Comp. St. Ann. Supp. 1919, § 1246).

[3] On the question of variance between evidence which showed that the Commissioner prescribed and issued the stamps "with the approval of the Secretary of the Treasury" and the indictment which contains no averment of such approval, we are of opinion that the evidence meets the charge and that by going a step further the evidence does not prove another or a different offense. In other words, if the indictment is sufficient, evidence which meets its allegations and proves something more without proving an offense different from that which is charged, cannot make a variance between the probata and allegata.

The issue raised by the third and fifth assignments of error concerns the competency of the Government's witness, Hughes, to prove that the genuine stamps referred to in the indictment and admitted in evidence were stamps of the kind prescribed and issued pursuant to the Act of 1897 and of Internal Revenue Regulations No. 23. As a

discussion of this question in this opinion would neither make new law nor clarify old law, it will be enough to say that we have given the matter very careful consideration and have found no error.

[4] The remaining question arose on the admission of certain exhibits in evidence. The plaintiff in error urges very earnestly that this question goes beyond the admissibility of evidence and raises the broad inquiry whether there is any evidence in the record which shows "an intent to defraud" within the meaning of the statute. In this connection he says there is no evidence of his use or possession of counterfeit stamps for any purpose for which he could use or possess genuine stamps, in that it was not shown that he was engaged in a business where genuine stamps could be employed. From this he deduces the argument that as he had no opportunity to defraud the Government or to defraud a lawful purchaser of spirits by using counterfeit stamps there was nothing on which an intent to defraud could be based. This proposition is elusive, difficult to grasp and difficult to hold. As we understand it, it is this: There was no evidence of the right of the plaintiff in error to sell liquor lawfully, nor of a right in the public lawfully to purchase liquor from him. Therefore, as there was no evidence of a situation in which he could use genuine stamps, there was, necessarily, no evidence of a situation from which, by the use of counterfeit stamps, an intent on his part to defraud either the Government of its tax or a purchaser of the quality of liquor could be inferred.

Intent to defraud is an ingredient of the offense and, concededly, the Government was bound to prove facts from which the jury could validly find such intent. The question is—intent to defraud whom, the Government or a purchaser, or both?

It has been definitely decided that the Bottling in Bond Act of March 3, 1897, was not repealed by the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and that Congress may tax, and now actually does tax under pre-existing law, intoxicating liquors, notwithstanding their manufacture and sale are forbidden. Skilken v. United States (C. C. A.) 293 F. 923; United States v. Yuginovich, 256 U. S. 462, 41 S. Ct. 551, 65 L. Ed. 1043. Thus it appears the Bottling in Bond Act, still being law, is applicable to a situation which, in its general scope, did not exist at the time of its enactment; one later created by the National Prohibition Act. Though the manufacture and sale of intoxicating liq-

nors for many purposes is now forbidden, its manufacture and sale for some purposes is permitted and taxes are collected. Hence in the use of counterfeited stamps there is the possibility of defrauding someone, and this is because strip stamps provided by the Bottling in Bond Act protect the Government in the collection of revenues and give purchasers a guaranty of the purity, proof and excellence of the bottled spirits. United States v. Skilken (D. C.) 293 F. 916, 918; affirmed, 293 F. 923. Therefore using and possessing forged and counterfeited stamps by one who could not lawfully use genuine stamps can in a given state of facts be done with intent to defraud within the sense of the statute. The facts of this case were ample to raise an inference of such an intent. They are, very briefly, these:

On two occasions Government officers raided the home of the plaintiff in error which was so constructed as to make detection of activities within difficult and almost impossible. They found a large quantity of counterfeit strip stamps, several hundred quarts of intoxicating liquors, some of which was bottled, and a complete bottling outfit.

The judgment below is affirmed.