## BANTA et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 24, 1926. Rehearing Denied June 21, 1926.)

No. 4734.

**1. Indictment and information ⬤133(1).**

Sufficiency of indictment may not be challenged by objection to admission of evidence.

**2. Criminal law ⬤970(1).**

Only defects of substance in indictment can be reached by motion in arrest of judgment.

**3. Internal revenue ⬤47—Indictment for using counterfeit strip stamps over ends of bottles of liquor with intent to defraud held sufficient, without alleging intent to sell liquor (Bottling in Bond Act 1897 [Comp. St. §§ 6070–6077]).**

Indictment, under Bottling in Bond Act 1897 (Comp. St. §§ 6070–6077), following the language of the statute, for using, with intent to defraud, forged, counterfeit strip stamps, by passing them over the mouths of bottles filled with liquor, is sufficient, without allegation of intent to sell the liquor; evidence of intent to defraud not being required to be pleaded.

In Error to the District Court of the United States for the District of Arizona; George M. Bourquin, Judge.

Criminal prosecution by the United States against Ross Banta and William J. Davis. Judgment of conviction, and defendants bring error. Affirmed, after writ of error as to Davis had been dismissed on his own motion.

Thomas A. Flynn and Joseph E. Morrison, both of Phœnix, Ariz., for plaintiff in error Banta.

Geo. T. Wilson, Asst. U. S. Atty., of Phœnix, Ariz.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. [1-3] This case presents the single question whether the indictment under which the plaintiffs in error were convicted contains averments sufficient to sustain the judgment. No demurrer or motion was interposed, and no application was made for a bill of particulars. The objection made to the admission of testimony was insufficient to challenge the indictment. Gray v. United States (C. C. A.) 9 F.(2d) 337. The motion made in arrest of judgment could only reach defects in matter of substance. Case v. United States (C. C.A.) 6 F. (2d) 530; Hall v. United States (C. C. A.) 277 F. 19.

The indictment followed the language of the statute. In the third count it charged that the defendants, with intent to defraud divers persons to the grand jurors unknown, did willfully, unlawfully, knowingly, and feloniously use certain false, forged, and counterfeit internal revenue stamps of the United States, in resemblance and similitude to the true and genuine adhesive, engraved strip stamps of the United States, theretofore prescribed and issued by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, for affixing to and passing over the mouths of bottles filled with distilled liquor in distillery warehouses, and that they did willfully, unlawfully, knowingly, and feloniously use said false, forged, and counterfeit strip stamps by affixing to and passing over the mouths of certain bottles, then and there filled with certain intoxicating liquor. Every essential feature of the offense was charged. Conley v. United States, 284 F. 959. "The cases wherein it is held that an indictment in the exact language of the statute is not sufficient are those wherein the statute does not contain all the elements of the offense." Ledbetter v. United States, 170 U. S. 606, 611, 18 S. Ct. 774, 776 (42 L. Ed. 1162).

It is argued that intent to defraud cannot be deduced from the allegation that the defendants affixed and passed the stamps over the mouths of bottles containing intoxicating liquor, without the further allegation that they intended to sell such liquor, falsely representing it to be bottled in bond or

that they intended to make some disposition thereof, and that by the indictment the possibility is not excluded that the liquor had in fact been bottled in bond, and that the said stamps stated the truth. To this it is to be said that it was unnecessary to plead the evidence of the intent to defraud. Facts were doubtless adduced upon the trial tending to prove the actual intent with which the stamps were possessed and used. The evidence in the case is not before us, not having been presented in the bill of exceptions. Goldberger v. United States (C. C. A.) 4 F.(2d) 10, is directly in point. In that case it was said:

"It has been definitely decided that the Bottling in Bond Act of March 3, 1897 [Comp. St. §§ 6070–6077] was not repealed by the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and that Congress may tax, and now actually does tax, under pre-existing law, intoxicating liquors, notwithstanding their manufacture and sale are forbidden. Skilken v. United States (C. C. A.) 293 F. 923; United States v. Yuginovich, 256 U. S. 462 (41 S. Ct. 551, 65 L. Ed. 1043). Thus it appears the Bottling in Bond Act, still being law, is applicable to a situation which, in its general scope, did not exist at the time of its enactment; one later created by the National Prohibition Act.

Though the manufacture and sale of intoxicating liquors for many purposes is now forbidden, its manufacture and sale for some purposes is permitted and taxes are collected. Hence in the use of counterfeited stamps there is the possibility of defrauding some one, and this is because strip stamps provided by the Bottling in Bond Act protect the government in the collection of revenues, and give purchasers a guaranty of the purity, proof, and excellence of the bottled spirits. * * * Therefore, using and possessing forged and counterfeited stamps by one who could not lawfully use genuine stamps can in a given state of facts be done with intent to defraud within the sense of the statute."

The court there held that such intent to defraud was inferable from the fact that the government officers had found in the possession of the defendant a large quantity of counterfeited strip stamps, several hundred quarts of intoxicating liquors, some of which was bottled, and a complete bottling outfit.

In the present case it is not shown that there was absence of evidence from which the intent to defraud might properly have been deduced.

The judgment is affirmed.