## Mutual Life Insurance Company *v.* Snyder.

1. The court is not authorized to take from the jury the right of weighing the evidence bearing on controverted facts in issue.
2. The court below properly refused to give an instruction declaring that a fact was established by unimpeached and uncontradicted testimony, when the record discloses that the testimony touching such asserted fact was conflicting.
3. This court can only review so much of the instructions of the court below as was made the subject of an exception.
4. The omission of the judge to instruct the jury on a particular aspect of the case, however material, cannot be assigned for error, unless his attention was called to it with a request to instruct upon it.

Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Argued by *Mr. William A. Porter* and *Mr. George W. Biddle* for the plaintiff in error, and by *Mr. Edward J. Fox* and *Mr. Henry Green* for the defendant in error.

Mr. Justice Davis delivered the opinion of the court.

The contract of insurance, which is the subject of this suit, was effected by Monroe Snyder on his life, for the benefit of his wife. There was a judgment on the verdict in her favor, and the case has been brought here for review. At the trial, the company presented several points, on which, except the answer to the fourth point, the rulings of the court were satisfactory. An exception was taken, which presents the only question open for our consideration. The fourth point on which the request to charge was based is in these words: —

"The written applications bearing date Sept. 18, 1872, July 9, 1872, and Jan. 10, 1873, signed by the insured, form the basis of the contract of insurance; and the policies were issued to, and accepted by, the insured, upon the express condition and agreement, that, if any of the statements or declarations made in the application should be found in any respect untrue, then the policies should be respectively null and void; and Monroe Snyder, the insured, having, in answer to question No. 17 in each of said policies, which is, 'How long since you were attended by a physician? for what diseases? give name and residence of such physician,' answered, 'Not for twenty years;' while the testimony is unimpeached and uncontradicted, that Monroe Snyder was, in the month of December, 1867,

attended several times by Dr. Abram Stout, a physician, for a severe fall upon his head. This answer is untrue, and the policies are thereby rendered void, and the plaintiffs cannot recover upon them."

This proposition is not based on the idea that the answer of Snyder avoided the policy, if a physician attended him for any cause within a period of twenty years. It was easy to raise that question, and ask a specific instruction, which it would have been the duty of the court either to give or refuse. If it had been refused, the plaintiff in error could have brought the question here for the opinion of this court.

But the omission of the learned judge to instruct the jury on a particular aspect of the case, however material, cannot be assigned for error, unless his attention was called to it with a request to instruct upon it. Nor is it proper for us to intimate an opinion upon a question not presented by the record, which might arise in some other trial between this plaintiff in error and a policy-holder.

In discussing the propriety of the answer, it is desirable to understand the proposition submitted to the court for its adoption. It sets out with a statement of the contract, and affirms that Snyder's answer to the specific interrogatory No. 17, was untrue: because, by the uncontradicted testimony, he was, in December, 1867, attended by Dr. Abram Stout, a physician, for a severe fall upon his head. This being so, the legal conclusion is drawn that the policy is rendered void, and that the holder of it cannot recover.

It will be observed that the court is not asked to say to the jury that the attendance of a physician for a slight injury avoided the policy, nor was this the theory on which the case was tried. There was no evidence that Snyder was ever attended by a physician within twenty years, except when Dr. Stout visited him for a fall on the head. In the different points relating to other parts of the case, which were answered by the court to the satisfaction of the plaintiff in error, it was not the fact of the fall, but its severity, which was treated as being in avoidance of the policy. The fourth point also proceeds on the same supposition. It asserts that Snyder was treated for a severe injury, and deduces from the *nature* of that injury the legal conclusion, that there can be no recovery. While it is cor-

rect practice for the judge to instruct in an absolute form on an admitted state of the case, he is not authorized to take from the jury the right of weighing the evidence bearing on controverted facts.    Was it undisputed that Snyder had been attended "for a *severe* fall on his head"?    The court did not think so, for it instructed in these words : " If the fall upon the head for which Monroe Snyder was attended by the physician was a severe one, the answer was untrue, and the verdict should be for the defendants."    The proposition of law was thus affirmed ; but the jury were left free to say whether the supposed fact on which it rested was established by the evidence.    If the court had instructed in the terms prayed for, it would have usurped the functions of the jury ; for, to say the least, there was evidence tending to show that the injury was but trifling.    This was the opinion of the physician after he had observed its effects.    He examined Snyder on his application for-insurance, and reported that his life was safely insurable, and that he had never had any severe illness or injury.    It is true, he stated that he had forgotten the fall on the head when the application was made out ; but, had the fact occurred to him at the time, he does not think he would have put the injury down as a severe one.    In view of this and the other evidence, it was the duty of the court to submit to the jury, " whether Monroe Snyder had been attended by a physician for a *severe* fall on the head."    If, on this contested matter, the case had been taken from them, the plaintiff below would, in our opinion, have had just cause of complaint.

It is said that the court, in further answer to the fourth point, committed to the jury the construction of a written instrument in the following words : " So, if the jury find that the attendance of a physician was for any disease or injury, within the meaning of the question, the verdict should be for the defendant."    It may be that this instruction, in the state of the evidence, is justly subject to criticism ; but the exception of the plaintiff in error is confined to the charge and opinion in answer to the fourth point, and its requirements were fully met when the jury were told that, if the fall upon the head was a severe one, they should find for the defendant.    The additional instruction was given by the judge *sua sponte*.    *Non constat*, that he would not have either modified or withdrawn it on proper request, if its objec-

tionable features had been pointed out. Be this as it may, we cannot review it, as there was no exception to it. Apart from this, we do not see how the plaintiff in error was injured. The charge, so far from lessening, increased its chances to defeat the action. The jury had been told to find for it if the only injury in controversy was a severe one. After this, to charge them to find in the same way if, in their opinion, the medical attendance was for any disease or injury covered by the " question," was giving the company a larger opportunity to obtain a verdict than it had before. It was, in effect, informing them that they were at liberty to construe the " question " more favorably to the company than the court had done. To say the least, it left a better opening for the company to get a verdict than it had by reason of the answer of the court to the fourth point.			*Judgment affirmed.*

NOTE. — A case between the same plaintiff in error and Snyder, a son of Monroe Snyder, deceased, was heard and determined at the same date as the preceding case. It involved precisely the same points, and was disposed of in the same manner.