# ANTHONY *v.* LOUISVILLE AND NASHVILLE RAILROAD COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

No. 77. Argued and submitted November 7, 1889. — Decided November 18, 1889.

An exception to the refusal of the presiding judge at a jury trial to instruct the jury in language prayed for by counsel is of no avail, if the refusal be followed by instructions in the general charge, substantially to the same effect, but in the language of the court.

A general exception to the whole of a charge to the jury will not avail a plaintiff in error if the charge contains distinct propositions and any one of them is free from objections.

THE case is stated in the opinion.

*Mr. D. P. Dyer* and *Mr. Nathan Frank,* for plaintiff in error, submitted on their brief.

*Mr. Henry W. Bond* for defendant in error.

MR. JUSTICE-FIELD delivered the opinion of the court.

This was an action by the plaintiff to recover damages from the Louisville and Nashville Railroad Company for injuries suffered by him by reason of the derailment of a car attached to a train belonging to that company, in which he was being carried as a passenger on its line from Louisville, Kentucky, to St. Louis, Missouri.

The answer of the defendant set up that the accident was caused by reason of a latent or hidden defect or flaw in the body of a steel rail laid on the track of the road, a defect which no outward inspection could detect. Issue being joined, the case was brought to trial and certain instructions to the jury were requested by the plaintiff, which set forth, with substantial accuracy, the liability of railroad companies for having defective roads, by which accidents are caused to passengers travelling in their cars. These instructions were refused, and

to the refusal exceptions were taken.   These exceptions, however, cannot avail the plaintiff in error, because the substance of the instructions refused was contained in the charge subsequently given by the court.   The object of the instructions was to impart such information as would govern the jury in their deliberations and guide to a right conclusion in their verdict.   Such information can generally be most advantageously given after the conclusion of the testimony and the argument of counsel; and it is not material whether it be then given immediately in response to the request of counsel or be contained in the formal charge of the court.

The charge itself, though embodying the substance of the instructions asked, also referred to other matters presenting distinct propositions of law; but to none of them was any exception taken, pointing out specifically the matter objected to.   Only a general exception to the whole charge was made; and a general exception of that kind will not avail a plaintiff in error, where the charge contains distinct propositions and any one of them is free from objection.   The whole charge must be substantially wrong before such a general exception will avail for any purpose.   This is the settled law established by numerous decisions of this court. *Lincoln* v. *Claflin,* 7 Wall. 132, 139; *Cooper* v. *Schlesinger,* 111 U. S. 148, 151; *Mobile & Montgomery Railway Co.* v. *Jurey,* 111 U. S. 584, 596; *Burton* v. *West Jersey Ferry Co.,* 114 U. S. 474, 476. It is also required by the fourth rule of this court, which provides as follows: " The judges of the Circuit and District Courts shall not allow any bill of exceptions which shall contain the charge of the court at large to the jury in trials at common law, upon any general exception to the whole of such charge.   But the party excepting shall be required to state distinctly the several matters of law in such charge to which he excepts; and those matters of law, and those only, shall be inserted in the bill of exceptions and allowed by the court."

Whatever, therefore, may be the actual merits of the plaintiff's claim to damages, nothing is presented to us by the record which we can examine.

*Judgment affirmed.*