## FEIGIN v. UNITED STATES. *

(Circuit Court of Appeals, Ninth Circuit. March 2, 1922.)

No. 3702.

1. **Indictment and information ⊂⊃110(31)—Information for maintaining nuisance, following statutory language, held sufficient.**

An information charging defendant with maintaining a common nuisance, in that he "willfully and unlawfully" kept on the premises described certain described intoxicating liquor, and which follows the language of the statute, *held* sufficient.

2. **Intoxicating liquors ⊂⊃213—Indictment for maintenance of common nuisance need not allege possession continuous.**

An information under National Prohibition Act, tit. 2, § 21, for maintaining a common nuisance, need not allege that the possession of liquor in the place described was continued for more than one day.

3. **Criminal law ⊂⊃1038(3)—Request for instructions, refusal of which is complained of, must be shown.**

Error cannot be assigned in a refusal to give instructions which are not shown to have been requested.

In Error to the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Criminal prosecution by the United States against Joseph Feigin. Judgment of conviction, and defendant brings error. Affirmed.

Frank E. Powers and Frank J. Hennessy, both of San Francisco, Cal., for plaintiff in error.

John T. Williams, U. S. Atty. and Thomas J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was convicted under five counts of an information. The first count charged him with maintaining a common nuisance at 2812 Bush street, San Francisco, in that he did willfully and unlawfully keep on said premises certain described intoxicating liquor. The third count charged him in like terms with maintaining a common nuisance at 1826 Broderick street, San Francisco. The second count charged him with willfully and unlawfully transporting from 2812 Bush street to 1826 Broderick

street certain intoxicating liquor, to wit, whisky; said transportation being rendered unlawful by section 3, title 2, of the National Prohibition Act (41 Stat. 308). The fourth count charged him with the willful and unlawful possession of 27 5-gallon cans of alcohol, fit to use for beverage, at 1826 Broderick street. The last count charged him with the unlawful possession of certain liquor and property designed for the manufacture of liquor, all of which property was specified and itemized.

[1] It is contended that the first, third, and fourth counts of the information are insufficient to charge a public offense, for the reason that the possession of intoxicating liquor is not a violation of any valid law of the United States, and that the Eighteenth Amendment is not sufficiently broad in its scope to authorize the prohibition of such possession. Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 41 Sup. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548, is cited as upholding the legality of the possession of lawfully acquired liquor. But the counts of the information charge that the possession here was prohibited and unlawful, and they follow the language of the statute. This has been held sufficient. Young v. United States (C. C. A.) 272 Fed. 967. It is beyond question that under the Eighteenth Amendment Congress has incidental power to regulate the possession of intoxicating liquor for beverage purposes. Jacob Ruppert v. Caffey, 251 U. S. 264, 40 Sup. Ct. 141, 64 L. Ed. 260.

[2] We find no merit in the contention that the counts which charge the maintaining of a nuisance are insufficient, for the reason that they charge that each offense was committed on a single day. The statute does not provide that any prescribed length of time of the unlawful possession of intoxicating liquor shall be necessary in order to constitute a nuisance. It is the fact of the unlawful possession within the prohibition of the statute that constitutes the offense, and that offense may obviously be committed in one day, as well as in two or more.

It is urged that there is no evidence to support a conviction under the second count, and that the facts disclosed indicated that the act of transporting liquor therein charged was not voluntary, but was done at the command and instigation of one Kupser, a federal prohibition agent. But the testimony of the plaintiff in error disproves the contention. He testified:

"I took this gallon of whisky, which was lying close to the car, and placed it in the car, and drove it up to my house. I intended to take it up to my house, and as I took it out of the garage Mr. Kupser says, 'I will take a ride with you;' and I asked him who he was, and he said, 'An officer.' I said, 'All right; I am going up straight to my house.' So, after we were going half a block, he told me, he said, 'What have you got in the suit case?' And I explained to him what I had in the suit case, and he said, 'Where are you taking it?' And I said, 'I am taking it to my house.' He said, 'All right, drive on.' So I drove up to the house."

It is no answer to this evidence to say that the plaintiff in error might have changed his mind, had not the federal agent approached him and directed him to drive on.

[3] It is contended that the trial court erred in refusing to give certain requested instructions which are set forth in paragraphs 2, 3, and 4

of the specifications of error. The bill of exceptions contains no mention of any request for instructions. We have no means of knowing that any such request was made. It is not sufficient to insert in an assignment of errors requested instructions which do not in the bill of exceptions appear to have been requested. We find that the instructions as given covered all questions which involved the substantial rights of the plaintiff in error.

The judgment is affirmed.