## PAPPAS et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.  October 17, 1923.)

No. 4037.

1. **Criminal law ⬤=359—Evidence introduced by defendant not inadmissible because of effect on codefendants.**

Where defendants are tried together, each is entitled to introduce evidence competent and material to his own defense, regardless of its effect on his codefendants.

2. **Criminal law ⬤=422(9)—Statements of one defendant admissible, though not competent as to others.**

Statements made by one defendant after his arrest were competent as to him, and properly admitted, though inadmissible as to the other defendants.

3. **Criminal law ⬤=824(8)—Failure to limit evidence not considered without request.**

The failure to limit the consideration of testimony to the defendant against whom it was competent cannot be considered, in absence of a request to so limit it.

4. **Criminal law ⬤=1169(7)—Admission of defendant's statements harmless, when he testified to the same effect.**

Admission of evidence of statements of one defendant, if error as to the other defendants, was without prejudice, when he reiterated such statements in testifying.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Criminal prosecution by the United States against Tom Pappas, Charles H. Ferguson, and Oliver Thompson. Judgment of conviction, and defendants bring error. Affirmed.

Edward H. Chavelle and Daniel Landon, both of Seattle, Wash., for, plaintiffs in error.

Thomas P. Revelle, U. S. Atty., Charles P. Moriarty, Sp. Asst. U. S. Atty., and J. W. Hoar, Asst. U. S. Atty., all of Seattle, Wash., for the United States.

Before HUNT and RUDKIN, Circuit Judges, and BOURQUIN, District Judge.

RUDKIN, Circuit Judge.  The information in this case charges the three defendants with three violations of the National Prohibition Act (41 Stat. 305), namely, the possession, the transportation, and the sale of intoxicating liquor.  The jury returned a verdict of guilty as to each count and as to each defendant, and the sentence or judgment of the court is now before us for review.  All errors assigned relate either to the admission of testimony or to the charge of the court. We will refer to the parties as designated in the court below.

That the several offenses charged in the information were committed by one or more of the defendants does not admit of doubt or question. But the defendant Pappas claimed that he was a deputy sheriff, and that his only connection with the case was in his official capacity in the

enforcement of the laws of the state; the defendant Ferguson claimed that his only connection with the case was the transportation of the liquor at the request of Pappas, and that he did not know what the packages or sacks contained; and the defendant Thompson disclaimed any connection with the case except to accompany Ferguson on the trip as an invited guest. It will thus be seen that the defense of Pappas presupposed the guilt of Ferguson, the defense of Ferguson presupposed the guilt of Pappas, and testimony favoring the one defendant necessarily operated to the prejudice of the other.

[1] But it must be conceded that each defendant had a right to offer testimony in support of his defense, regardless of the effect such testimony might have on other defendants. This, we think, is a full and complete answer to the objections to the admission of testimony offered by the defendants in person at the trial. The testimony was competent and material, and the court could neither rule it out, nor limit its application or operation.

[2-4] After his arrest, the defendant Pappas made statements to the officers in line with the defense offered at the trial. These self-serving statements were, of course, inadmissible as to the other defendants. The court ruled out the testimony at first, but afterward admitted it, with the statement that he would cover the whole matter in his charge to the jury. The testimony was competent as to the defendant Pappas, and there was therefore no error in its admission. Nor can we consider any error in failing to limit the consideration of the testimony to the defendant Pappas, in the absence of a request so to do. Again, if the admission of the testimony was error, it was plainly error without prejudice, because upon the trial the witness testified to and reiterated the statements theretofore made to the officers.

The only exception to the charge of the court is in the following language:

"I take exception to the instructions of the court relating to conspiracy. I contend there is no evidence of any such agreement."

From what we have said, it sufficiently appears that there was ample evidence of a conspiracy to carry the case to the jury, and that there was likewise ample evidence to support the verdict of guilty as to each and all of the parties.

The judgment of the court below is therefore affirmed.