## FRISCH et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. January 11, 1927.)

No. 3501.

1. **Intoxicating liquors** ⟨⟩238(1)—**Evidence held for jury in prosecution for possession and sale of intoxicating liquors (National Prohibition Act [Comp. St. § 10138¼ et seq]).**

In prosecution for possession and sale of liquor in violation of National Prohibition Act (Comp. St. § 10138¼ et seq.), testimony of state's witness that he was barkeeper for defendants, and sold liquor with their knowledge, *held* sufficient to go to jury, though contradicted by defendants.

2. **Criminal law** ⟨⟩1038(1)—**Alleged omissions in charge, not made basis of objection below, held not to require consideration (rule 2).**

In prosecution for violation of National Prohibition Act (Comp. St. § 10138¼ et seq.), omissions in court's charge, not made basis of objection below, *held* not such as to justify court in exercising its power under rule 2 to notice error not assigned.

In Error to the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

Charles Frisch and another were convicted of violating National Prohibition Act, and they bring error. Affirmed.

Elwood S. Leary and William H. Parry, both of Newark, N. J., for plaintiffs in error.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Richard C. Plumer, Asst. U. S. Atty., of Newark, N. J., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. [1] In the court below, Charles and Edward Frisch and Jacob Goldstein were indicted for violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.). Goldstein pleaded guilty and the Frischs were tried, convicted, and sentenced. Whereupon they sued out this writ of error. At the trial, the case turned on the question whether the jury believed Goldstein on the one hand or the two Frischs on the other. Goldstein, who was called by the government, admitted he had sold the liquor as charged in the indictment, and that he was employed by the Frischs as their barkeeper and sold with their knowledge. The Frischs, both of whom went on the stand, denied Goldstein's story and disclaimed all guilty connection with him. In view of the proofs, we hold there was no error in the court refusing to withdraw the case from the jury.

17 F.(2d)—6

[2] The conflict of testimony as outlined above was submitted to the jury in a charge which was entirely fair, and to which no exception was taken; but it is now sought to convict the trial judge of error for alleged omissions in his charge to which no attention was called at the time, no objection was made, no exception taken, and which alleged errors are not assigned in accordance with our rules. Satisfied as we are that the defendants had a fair trial and their conviction was warranted by the evidence, we do not regard the case as one calling for the exercise on our part of the power provided by rule 2 that "the court, at its option, however, may notice a plain error not assigned."

We therefore affirm the judgment below.