## BOEHM v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
July 22, 1927.

No. 7125.

**1. Poisons ⟨⟩9—Violation of Anti-Narcotic Act held sufficiently charged by indictment against registered physician for dispensing opium derivatives in bad faith (Harrison Anti-Narcotic Act, § 2 [Comp. St. § 6287h]).**

Indictment against registered physician for selling in bad faith opium derivatives without any written order *held* to sufficiently charge violation of Harrison Anti-Narcotic Act, § 2 (Comp. St. § 6287h).

**2. Indictment and information ⟨⟩146—Legal sufficiency of indictment should in federal court be tested by demurrer.**

In federal courts, the legal sufficiency of an indictment should be tested by demurrer.

**3. Indictment and information ⟨⟩133(1)—Objection to evidence is not sufficient challenge to indictment.**

To object to introduction of evidence on the ground of insufficiency of the indictment is not a sufficient challenge to the indictment.

**4. Criminal law ⟨⟩1028—Errors not preserved for appellate review will not be considered on appeal, unless record shows substantial rights are manifestly affected.**

Unless it appears from the record that substantial rights are manifestly affected and that there has been a miscarriage of justice, Circuit Court of Appeals will not consider errors assigned as to matters not presented to the trial court and properly preserved for appellate review.

**5. Criminal law ⟨⟩1038(3), 1056(1)—Failure to instruct on character evidence or entrapment, in absence of request or exception to charge, presents nothing for review.**

Failure to instruct as to effect of evidence of good character or as to entrapment, in absence of request therefor or exception to instruction given, raises no question in the appellate court for review.

**6. Poisons ⟨⟩9—Question of good faith in opium sales, in which accused physician participated by issuing prescriptions, held for jury.**

Whether sales of opium derivatives in which defendant physician participated by issuing prescriptions were in good faith was a question for the jury, the evidence warranting finding that there was no good faith in this phase of his alleged practice.

**7. Criminal law ⟨⟩1213—Concurrent sentences of five years for illegal sales of opium held not unconstitutional (Harrison Anti-Narcotic Act, § 9 [26 USCA § 705]; Const. Amend. 8).**

In view of punishment allowed by Harrison Anti-Narcotic Act, § 9 (26 USCA § 705 [Comp. St. § 6287o]), concurrent sentences of five years for illegal sales of opium derivatives *held* not violative of Const. Amend. 8.

**8. Poisons ⟨⟩2—Harrison Anti-Narcotic Act is constitutional (26 USCA §§ 211, 691–707).**

Constitutionality of the Harrison Anti-Narcotic Act (26 USCA §§ 211, 691–707 [Comp. St. §§ 6287g–6287q]) is settled.

In Error to the District Court of the United States for the District of Minnesota.

Criminal prosecution by the United States against John C. Boehm. Judgment of conviction, and defendant brings error. Affirmed.

George W. Peterson, of St. Paul, Minn., and William F. Donohue and James J. Quigley, both of St. Cloud, Minn., for plaintiff in error.

Lafayette French, Jr., U. S. Atty., of St. Paul, Minn., and George A. Heisey, Special Asst. U. S. Atty., of Minneapolis, Minn.

Before KENYON, Circuit Judge, and MOLYNEAUX and JOHN B. SANBORN, District Judges.

KENYON, Circuit Judge. Plaintiff in error was convicted on five counts of an indictment charging violation of the Harrison Anti-Narcotic Act, and was sentenced on each count to five years in the penitentiary, said sentences to run concurrently.

[1] It is urged in this court that the indictment does not sufficiently charge a public offense. The indictment is based on section 2 of the Anti-Narcotic Act (Comp. St. 6287h), which section declares:

"That it shall be unlawful for any person to sell, barter, exchange, or give away any of the aforesaid drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Commissioner of Internal Revenue."

There is a proviso to the effect that nothing therein contained shall apply "to the dispensing or distribution of any of the aforesaid drugs to a patient by a physician, * * * registered under this act in the course of his professional practice only"; such physician being required to keep a record of all such drugs dispensed or distributed, except such as may be dispensed or distributed to a patient upon whom the physician shall personally attend.

The various counts of the indictment charge that plaintiff in error was a duly licensed and practicing physician, registered under the Act of Congress approved December 17, 1914, as amended, and that he sold and distributed certain preparations and derivatives of opium, to wit, morphine sulphate,

to various and sundry persons not in pursuance of any written order therefor on a permit issued for that purpose by the Commissioner of Internal Revenue of the United States as required by law; that the different parties to whom sales were alleged in the various counts of the indictment to have been made were not patients of plaintiffs in error, nor were they under any restraint; and that the drugs were not dispensed in the regular course of his professional practice as a physician, but for the purpose of satisfying the cravings of addicts.

Plaintiff in error bases his argument that the indictment is insufficient upon the case of Aiton v. United States (C. C. A.) 3 F.(2d) 992, and Linder v. United States, 268 U. S. 5, 45 S. Ct. 446, 69 L. Ed. 819, 39 A. L. R. 229. The indictment in the Aiton Case charged that the defendant physician did "issue and write and deliver a prescription." There was no direct charge of a sale. In the indictment here direct sales are charged. The opinion in the Aiton Case points out that, in cases where somewhat similar indictments have been sustained, the indictment charged a sale or other distribution of drugs, and not mere delivery of a prescription. A prescription may be issued and not filled, and in such instance is no part of a sale. If a sale is charged through the instrumentality of a prescription, it means that the prescription was filled, and a person may take part in a prohibited sale, as said in the case of Jin Fuey Moy v. United States, 254 U. S. 189, 41 S. Ct. 98, 65 L. Ed. 214, "of an opium derivative belonging to another person by unlawfully issuing a prescription to the would-be-purchaser." In the case of Linder v. United States, supra, the indictment did not allege the bad faith of the doctor prescribing the drugs. The court says with reference thereto: "It does not question the doctor's good faith, nor the wisdom or propriety of his action, according to medical standards. It does not allege that he dispensed the drugs otherwise than to a patient in the course of his professional practice or for other than medical purposes. The facts disclosed indicate no conscious design to violate the law, no cause to suspect that the recipient intended to sell or otherwise dispose of the drugs, and no real probability that she would not consume them."

The indictment here charges bad faith on the part of plaintiff in error. The Supreme Court in United States v. Behrman, 258 U. S. 280, 287, 42 S. Ct. 303, 304 (66 L. Ed. 619), said: "Former decisions of this court have held that the purpose of the exception is to confine the distribution of these drugs to the regular and lawful course of professional practice, and that not everything called a prescription is necessarily such." The Linder Case and the Aiton Case are entirely different from this case as to the allegations in the indictments, and are easily distinguishable. We are satisfied the indictment is sufficient.

[2, 3] The objection to the indictment now urged was not raised in the trial court. There was no demurrer or motion challenging the same. It is well settled that in the federal courts the legal sufficiency of the indictment should be tested by demurrer. Gay v. United States (C. C. A.) 12 F.(2d) 433; Banta v. United States (C. C. A.) 12 F.(2d) 765. The only time apparently during the trial that any suggestion was made as to the indictment was at the commencement of the introduction of the government's evidence; objection then being made to such introduction on the ground that the indictment was not sufficient to charge a public offense. Objection to evidence is not a sufficient challenge to an indictment. Banta v. United States (C. C. A.) 12 F.(2d) 765; Goode v. United States (C. C. A.) 12 F.(2d) 742. Regardless of the question not being properly before us, we have indicated our views on the subject.

[4] Many errors are argued which plaintiff in error is pleased to term fundamental errors. The record shows that few, if any, of the errors urged here were in any manner preserved for review. This court has repeatedly held that, unless it appears from the record that substantial rights are manifestly affected and that there has been a miscarriage of justice, it will not consider errors assigned as to matters not presented to the trial court and properly preserved for appellate review. Sarkisian v. United States (C. C. A.) 3 F.(2d) 599; Smith v. United States (C. C. A.) 267 F. 665; Highway Trailer Co. v. City of Des Moines (C. C. A.) 298 F. 71.

[5] Some of the questions now urged in this court and in no way preserved for review are that the trial court erred in not instructing the jury as to the effect of the evidence of good character introduced on behalf of the plaintiff in error; that the court failed to properly charge on the law of entrapment; that the court did not specifically call the attention of the jury to the various counts of the indictment. No instructions were requested by plaintiff in error and no exceptions taken to the instructions given. Consequently none of these questions is properly

before us. Had there been a request for an instruction as to the effect of evidence of good character, plaintiff in error would clearly have been entitled to it. Undoubtedly the court would have given such an instruction. See Hermansky v. United States (C. C. A.) 7 F.(2d) 458; Sunderland v. United States, 19 F.(2d) 202 (this court, opinion filed April 8, 1927). As to the alleged error in the court's failure to instruct as to entrapment, it may be said that all the parties to the case seem to have ignored any doctrine of entrapment until the argument in this court, possibly because the prescriptions claimed to have been secured by entrapment were not filled and the question of entrapment became immaterial. Where the instructions fairly cover the important issues of a case a failure to instruct on some particular phase thereof in the absence of a request for such instruction raises no question in the appellate court for review. Dampier v. United States (C. C. A.) 2 F.(2d) 329.

[6] The real crux of this case is the good faith of plaintiff in error as a physician. In the Linder Case, supra, the court pointed out that "what constitutes bona fide medical practice, consistent with the statute, depends upon the facts and circumstances of the case" (syllabus). This case is not one, as we read the record, where a physician in good faith and as a part of medical treatment and in the interest of humanity prescribes a drug to relieve the patient from pain and suffering incident to addiction. It is rather a cold-blooded carrying along of addicts for long periods of time, in order to secure financial reward from participating in the sale of the drugs. These addicts were not under restraint. The prescriptions were not given and the sales made for any good purpose. Defendant, having, as is apparent from this record, pursued a long course of illegal sales, attempts to hide the stain of these numerous transactions under the physician's cloak and garb. The guise is entirely transparent. The alleged prescriptions were such only in name. The method pursued by plaintiff in error was a mere scheme to sell the drugs to unfortunate addicts. It was for the jury to say whether the sales in which he participated by issuing the prescriptions were in good faith. The court very clearly instructed the jury on this subject. The evidence was sufficient to warrant the jury in finding there was no good faith in this phase of defendant's alleged practice.

[7] We may say the suggestion that the punishment was violative of the Eighth Amendment to the Constitution of the United States is wholly untenable. Plaintiff in error was sentenced to imprisonment for five years on each of the five counts on which he was convicted, and these terms were to run concurrently. Section 9 of the Harrison Anti-Narcotic Act (26 USCA § 705 [Comp. St. § 6287o]), as amended, provides:

"That any person who violates or fails to comply with any of the requirements of this act [chapter] shall, on conviction, be fined not more than $2,000 or be imprisoned not more than five years, or both, in the discretion of the court."

There is no legitimate cause for complaint as to the alleged severity of the punishment. [8] The constitutionality of the Harrison Anti-Narcotic Act (26 USCA §§ 211, 691–707 [Comp. St. §§ 6287g–6287q]) is questioned. Of course that question is settled, unless the Supreme Court overrules its decision in United States v. Doremus, 249 U. S. 86, 39 S. Ct. 214, 63 L. Ed. 493, and Webb v. United States, 249 U. S. 96, 39 S. Ct. 217, 63 L. Ed. 497. Apparently in view of the recent decision of that court in Alston v. United States, 47 S. Ct. 634, 71 L. Ed. 1052, decided May 16, 1927, it is not inclined to change the doctrine of those cases that the Harrison Anti-Narcotic Act is constitutional.

While few of the questions we have referred to are properly before us on this writ of error, we have examined the record and are satisfied no substantial rights of defendant were prejudiced, and that there has been no miscarriage of justice. His guilt was abundantly proved beyond a reasonable doubt.

The judgment is affirmed.