## WINSLETT v. UNITED STATES.

No. 180.

Circuit Court of Appeals, Tenth Circuit.

Aug. 27, 1930.

J. K. Wright and Norman H. Wright, both of Oklahoma City, Okl., for appellant.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl. (Herbert K. Hyde and William Earl Wiles, Asst. U. S. Attys., both of Oklahoma City, Okl., on the brief), for the United States.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

COTTERAL, Circuit Judge.

Appellant was convicted of three offenses against the National Prohibition Act, consisting of the possession of whisky, possession of a still and mash, and the manufacture of whisky. He seeks a reversal in this court on four grounds which relate to the admission and sufficiency of the evidence and the instructions to the jury.

The first proposition urged is the alleged error in denying a motion to suppress the evidence obtained by police officers of Oklahoma City in a search and seizure at the home of a codefendant, A. E. Boyd. The record discloses that the motion was properly made in advance of the trial, but does not contain the evidence introduced, if any, upon it. Without the evidence we must assume for that reason the ruling was justified. However, as it appears on the face of the motion that the objectionable search was made of the home of Boyd, the complaint of appellant is not well taken, as his constitutional rights were not invaded. United States v. Messina (C. C. A.) 36 F.(2d) 699.

The alleged errors which go to the admission of evidence and challenge its sufficiency are not open to review, because the record consists of a literal transcript of all the trial proceedings and does not contain a bill of exceptions in accordance with rule 10 of this court, which requires the evidence to be set forth in a condensed and narrative form. The rule has been repeatedly enforced in this circuit. Tingley v. United States, 34 F.(2d) 1; Caldwell v. United States, 36 F.(2d) 738; Hood v. United States, 43 F.(2d) 353, decided August 2, 1930. We therefore decline to consider the alleged errors with regard to the evidence.

The exception saved to the instructions was that the court found "as a matter of fact that the premises searched by these police officers were not a residence but were a still site."

From the entire charge we gather there was no controversy as to the whisky still and mash found at the Boyd place. The court told the jury it was not "a residence; that this is a still house. A still house with a bed and cook stove in it does not constitute a residence, and the evidence here from the only two witnesses who testified on that point is that it looked like they were batching there. * * * That is not a home and the court is not going to say to you that a home is an institution with a still and with as much mash and other equipment as was found on the second floor there. In other words, those things are not found in a home."

In another portion of the charge the court was careful to leave the facts to the jury without restriction and without impression as to whether he thought the defendants were guilty. But it is not apparent that the appellant could be prejudiced by the charge. The issue as to him was solely whether he had a guilty connection with the alleged violations of the act at the Boyd place, and as that issue was distinctly submitted to the jury, he has no ground of complaint. He was not concerned with the question whether the home of Boyd was invaded.

It is contended the court erred in his instruction on circumstantial evidence. We think it was sufficient, but the only criticism is that it was incomplete, and in any event error may not be predicated on it, as there was no exception to it and no request was tendered on the subject.

The record discloses no material error for review. The judgment is therefore affirmed.