**STASSI v. UNITED STATES.**

No. 9086.

Circuit Court of Appeals, Eighth Circuit.

May 6, 1931.

Rehearing Denied June 8, 1931.

Sloane Turgeon, of Kansas City, Mo. (T. C. Swanson, of Kansas City, Mo., on the brief), for appellant.

Harry L. Thomas, Asst. U. S. Atty., of Kansas City, Mo. (William L. Vandeventer, U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge.

The defendant was found guilty of the offenses of unlawful possession and transportation of intoxicating liquor, in violation of the National Prohibition Act (27 USCA). It appears that the charge of possession had been dismissed before the trial, and the sentence under that count, therefore, cannot be upheld. While the evidence was conflicting it was sufficient to show that the defendant transported a quantity of intoxicating liquor in an automobile for a distance of five blocks. The defendant admitted the possession of the liquor, that he intended to sell it, that he had placed the liquor in his automobile for transportation, but claimed that he had not started to transport it when he was arrested. He testified that he had offered to pay the officer who arrested him $200 if he would release him. At the trial the defendant was represented by an experienced attorney. The assignments of error relate to alleged errors during the reception of evidence, in the arguments made to the jury by the prosecuting attorney, in a portion of the instructions given to the jury by the court, and in the court's failure to instruct the jury on features of the case. It is conceded that no objections or exceptions were taken to the matters now

complained of, except that objection was taken to portions of the argument made to the jury by the prosecuting attorney. Appellant contends that it was the duty of the court to instruct the jury on every essential question of law involved in the case, whether requested to do so or not, and that the judgment should be reversed because of omissions to instruct, and because of an alleged error in the instructions given.

The rule as to the right of review of a failure to give instructions to a jury, where no request was made, was stated in an early case by Justice Story in Pennock v. Dialogue, 2 Pet. 1, 15, 7 L. Ed. 327, as follows: "It has been said, on behalf of the defendants in error, that it called for other and explanatory directions from the court, and that the omission of the court to give them in the charge, furnishes a good ground for a reversal, as it would have furnished in the court below for a new trial. But it is no ground of reversal, that the court below omitted to give directions to the jury upon any points of law which might arise in the cause, where it was not requested by either party, at the trial. It is sufficient for us, that the court has given no erroneous directions. If either party deems any point presented by the evidence to be omitted in the charge, it is competent for such party to require an opinion from the court upon that point; if he do not, it is a waiver of it. The court cannot be presumed to do more, in ordinary cases, than to express its opinion upon the questions which the parties themselves have raised at the trial."

This rule has been followed by that court ever since that decision. United States Express Company v. Kountze Brothers, 8 Wall. 342, 353, 354, 19 L. Ed. 457; Shutte v. Thompson, 15 Wall. 151, 164, 21 L. Ed. 123; Mutual Life Ins. Co. v. Snyder, 93 U. S. 393, 394, 23 L. Ed. 887; Texas & Pacific Railway v. Volk, 151 U. S. 73, 78, 14 S. Ct. 239, 240, 38 L. Ed. 78; Myers v. Pittsburgh Coal Company, 233 U. S. 184, 195, 34 S. Ct. 559, 58 L. Ed. 906. In Mutual Life Ins. Co. v. Snyder, supra, the court said: "But the omission of the learned judge to instruct the jury on a particular aspect of the case, however material, cannot be assigned for error, unless his attention was called to it with a request to instruct upon it."

In Texas & Pacific Railway v. Volk, supra, the subject was considered more at length, and the rule was restated: "The omission of the court to instruct the jury upon the subject of the plaintiff's contributory negligence is not open to exception, because the bill of exceptions does not show that the defendant requested any instruction upon that subject. In England, it is misdirection, and not nondirection, which is the subject of a bill of exceptions. Anderson v. Fitzgerald, 4 H. L. Cas. 484, 499. In this country, the rule is somewhat more liberal; and the not giving an instruction upon a point in issue may be excepted to, if one was requested, but not otherwise. In a very early case, Chief Justice Marshall said: 'There can be no doubt of the right of a party to require the opinion of the court on any point of law which is pertinent to the issue, nor that the refusal of the court to give such opinion furnishes cause for an exception.' Smith v. Carrington, 4 Cranch, 62, 71 [2 L. Ed. 550]. As afterwards more fully stated by Mr. Justice Story, 'it is no ground of reversal that the court below omitted to give directions to the jury upon any points of law which might arise in the cause, when it was not requested by either party at the trial. It is sufficient for us that the court has given no erroneous directions. If either party deems any point presented by the evidence to be omitted in the charge, it is competent for said party to require an opinion from the court upon that point. If he does not, it is a waiver of it.' Pennock v. Dialogue, 2 Pet. 1, 15 [7 L. Ed. 327]. See, also, Express Co. v. Kountze, 8 Wall. 342, 353, 354 [19 L. Ed. 457]; Shutte v. Thompson, 15 Wall. 151, 164 [21 L. Ed. 123]. A request for instructions, being necessary to entitle the excepting party to avail himself of an omission to instruct, cannot be presumed, but must affirmatively appear in the bill of exceptions."

The same question has arisen in criminal cases decided by that court.

In Hickory v. United States, 151 U. S. 303, 316, 14 S. Ct. 334, 339, 38 L. Ed. 170, in holding that exceptions to instructions were properly taken the court said: "Again, the exception was not to the omission of the court to charge upon a particular point, in which case, in the absence of request that that should be done, it would not have been well taken. Texas & Pacific Railway Co. v. Volk, 151 U. S. 73, 14 S. Ct. 239, 38 L. Ed. 78."

In Isaacs v. United States, 159 U. S. 487, 490, 16 S. Ct. 51, 53, 40 L. Ed. 229, the rule was stated: "The next assignment is to the charge 'that the corpus delicti could be established by circumstantial testimony, without saying that this circumstantial evidence should be such as creates cogent, irresistible

grounds of presumption.' Without any request on the part of the defendant to add the qualification suggested, there was no error in the charge actually given. It is no ground for reversal that the court omitted to give instructions, where they were not requested by the defendant. It is sufficient that the court give no erroneous instructions. Pennock v. Dialogue, 2 Pet. 1, 15 [7 L. Ed. 327]. Texas & Pacific Railway v. Volk, 151 U. S. 73, 78, 14 S. Ct. 239 [38 L. Ed. 78]."

The question arose again in Goldsby v. United States, 160 U. S. 70, 77, 16 S. Ct. 216, 219, 40 L. Ed. 343, and it was said: "The four errors assigned as to the charge of the court do not complain of the charge intrinsically, but are based upon the assumption that, although correct, it was misleading, and tended to cause the jury to disregard the testimony offered by the defendant to establish an alibi. But the charge, in substance, instructed the jury to consider all the evidence and all the circumstances of the case, and, if a reasonable doubt existed, to acquit. If the accused wished specific charges as to the weight in law to be attached to testimony introduced to establish an alibi, it was his privilege to request the court to give them. No such request was made, and therefore the assignments of error are without merit. Texas & Pacific Railway v. Volk, 151 U. S. 73, 78, 14 S. Ct. 239 [38 L. Ed. 78]."

In Humes v. United States, 170 U. S. 210, 211, 18 S. Ct. 602, 42 L. Ed. 1011, the court stated that a part of the assignments of error related to the failure of the court to give certain instructions, and that the record failed to show that there was a request for such instructions, and the opinion then says: "We cannot regard as error the omission of the court to give instructions which were not asked. In Isaacs v. United States, 159 U. S. 487, 491, 16 S. Ct. 51 [40 L. Ed. 229], Mr. Justice Brown said: 'It is no ground for reversal that the court omitted to give instructions, where they were not requested by the defendant. It is sufficient that the court gave no erroneous instructions. Pennock v. Dialogue, 2 Pet. 1, 15 [7 L. Ed. 327]; Texas & Pacific Ry. Co. v. Volk, 151 U. S. 73, 78, 14 S. Ct. 239 [38 L. Ed. 78].' Nor are instructions which were given, but not excepted to, subject to review. Tucker v. United States, 151 U. S. 164, 14 S. Ct. 299 [38 L. Ed. 112]; St. Clair v. United States, 154 U. S. 134, 153, 14 S. Ct. 1002 [38 L. Ed. 936].

In these decisions there is no suggestion that a different rule applies in criminal cases from the rule in civil cases, and in the criminal cases the court cites its prior decisions in civil cases as determinative.

The same question has frequently arisen in cases in the United States Courts of Appeal. It has sometimes been said that it is the duty of the trial judge to instruct the jury on all essential questions in a criminal case, whether requests for such instructions are or are not made. What are essential questions has not been defined. It is obvious that any question involved in a case, whether relating to the principles of law, the nature of the issues, or the estimation of the evidence, may be regarded as an essential question in the jury's deliberation and conclusion. The federal courts, with practical unanimity, have followed the rule announced in the decisions of the Supreme Court in such cases, and have denied a right to review because of a failure to instruct the jury on some features in a case, unless some proper request or exception has been noted in the trial court. Failure to instruct on the presumption of innocence, Dinger v. United States, 28 F.(2d) 548, 550 (8 C. C. A.); Sylvia v. United States, 264 F. 593, 595 (6 C. C. A.); Silverberg v. United States, 4 F.(2d) 908, 909 (5 C. C. A.). Failure to define reasonable doubt, Raffour v. United States, 284 F. 720 (9 C. C. A.). Failure to charge that proof must show that the crime was willful, when statute denounced only willful acts, Ripper v. United States, 179 F. 497 (8 C. C. A.). Failure to charge that defendant must have known the officer he assaulted was an officer, Gay v. United States, 12 F.(2d) 433, 435 (5 C. C. A.) Failure to charge as to right of acquittal or conviction on each count, Alexis v. United States, 129 F. 60, 64 (5 C. C. A.); Tucker v. United States, 224 F. 833, 834 (6 C. C. A.). Limiting the application of evidence, as to one defendant, or to a particular purpose, Schultz v. United States, 200 F. 234, 239 (8 C. C. A.); Moffatt v. United States, 232 F. 522, 534 (8 C. C. A.); Schonfeld v. United States, 277 F. 934, 937 (2 C. C. A.); Silkworth v. United States, 10 F.(2d) 711, 720 (2 C. C. A.); Pappas v. United States, 292 F. 982, 983 (9 C. C. A.); Gordon v. United States, 53 App. D. C. 154, 289 F. 552, 556; Vachuda v. United States, 21 F.(2d) 409, 412 (2 C. C. A.); Ball v. United States, 147 F. 32, 40 (9 C. C. A.); Hallowell v. United States, 253 F. 865, 867 (9 C. C. A.). As to circumstantial evidence, Carroll v. United States, 39 F.(2d) 414, 416 (8 C. C. A.); Bloch v. United States, 261 F. 321, 325 (5 C. C. A.); Hughes v. United States, 231 F. 50, 53 (5 C. C. A.);

Winslett v. United States, 43 F.(2d) 358, 359 (10 C. C. A.). As to defense of alibi, Dampier v. United States, 2 F.(2d) 329, 330 (9 C. C. A.). Accomplice testimony, Perez v. United States, 10 F.(2d) 352, 353 (9 C. C. A.). Defendant's failure to testify, Harris v. United States, 59 App. D. C. 353, 41 F.(2d) 976, 978. Effect of defendant's silence when accused, Price v. United States, 5 F.(2d) 650, 651 (6 C. C. A.). Disregarding involuntary confessions, Mamaux v. United States, 264 F. 816, 821 (6 C. C. A.); Mangum v. United States, 289 F. 213, 216 (9 C. C. A.); Gray v. United States, 9 F.(2d) 337, 340 (9 C. C. A.). As to entrapment, Boehm v. United States, 21 F.(2d) 283, 285 (8 C. C. A.). Effect of evidence of prior good character, Hermansky v. United States, 7 F.(2d) 458, 460 (8 C. C. A.); Boehm v. United States, 21 F.(2d) 283, 285 (8 C. C. A.); Estabrook v. United States, 28 F.(2d) 150, 154 (8 C. C. A.); Roth v. United States, 294 F. 475, 482 (6 C. C. A.). Other cases have stated the same principle. Horn v. United States, 182 F. 721, 740 (8 C. C. A.); Roberts v. United States, 283 F. 960, 962 (8 C. C. A.); Green v. United States, 28 F.(2d) 965, 968 (8 C. C. A.); Feigin v. United States, 279 F. 107, 108 (9 C. C. A.); Frisch v. United States, 17 F.(2d) 81 (3 C. C. A.).

In discussing the subject, other cases have not stated the rule as directly as the cases which have been cited. In Kreiner v. United States, 11 F.(2d) 722, 731 (2 C. C. A.), in a majority opinion, it was held: "In a criminal case a court should instruct on all essential questions of law involved in the case, whether requested or not. People v. Odell, 130 N. E. 619, 230 N. Y. 481; Commonwealth v. Ferko, 112 A. 38, 269 Pa. 39; Pearson v. State, 226 S. W. 538, 143 Tenn. 385; Duroff v. Commonwealth, 232 S. W. 47, 192 Ky. 31; State v. Lackey, 132 S. W. 602, 230 Mo. 707. Counsel had no right, however, to assume that the court, in the absence of a request, would instruct upon the evidence concerning the character of the defendant; for, while there are some subjects upon which counsel may assume that the court will instruct without request, character evidence is not one of them. People v. Luce, 178 N. W. 54, 210 Mich. 621; State v. Poder, 135 N. W. 421, 154 Iowa, 686; Brantley v. State, 113 S. E. 200, 154 Ga. 80; State v. Peterson, 16 P. 263, 38 Kan. 204; State v. McNamara, 13 S. W. 938, 100 Mo. 100; Branson's Instructions to Juries (2d Ed.) § 126, p. 205."

The court based its general statement of the duty to give instructions, without request,

solely upon decisions of state courts. In Steers v. United States, 192 F. 1, 10 (6 C. C. A.), the court notes the absence of request for specific instructions, and then said:

"Respondents' counsel urge in this court that under the Kentucky procedure it is the duty of the trial judge to give to the jury 'the whole law,' and that respondents, in a criminal case, carry no such burden as we, by these conclusions, put upon them. This is a matter pertaining to the conducting of the trial itself by the trial judge, and it is not governed by the conformity act. R. S. § 914 (U. S. Comp. St. 1901, p. 684 [28 US CA § 724]); Knight v. Ill. Centr. R. Co. (C. C. A. 6th Circuit) 180 F. 368, 372, 103 C. C. A. 514.

"No such rule, to the broad extent to which counsel now claim for it, exists in the federal courts. True, the trial judge should instruct the jury as to the whole law in one sense of that phrase, but if there are particular theories of fact or constructions of evidence which, if adopted, would take the respondents out of otherwise proper, general inferences, or if the counsel thought that the jury should have particular instructions as to the effect of certain evidence upon an individual defendant, or with reference to other matters of like character, respondents cannot complain of an omission of such instruction by the court, if they did not bring such matters to his specific attention by appropriate request. The trial judge, in the trial of an indictment for conspiracy against several respondents and where the evidence is circumstantial, has burden enough in properly conducting the trial, if he receives from counsel on both sides all the aid which they can give to prevent the overlooking of details."

In Gilmore v. United States, 39 F.(2d) 897, 898 (5 C. C. A.), the subject was disposed of in this way:

"The trial court in its charge to the jury did not comment upon the law of circumstantial evidence. At the conclusion of that charge, for the first time the court was orally requested by counsel, but refused, 'to charge the jury the law of circumstantial evidence.' Error is assigned upon the refusal of that request; but we do not think it is well assigned. In the first place, the request came too late. It is the duty of counsel in fairness to the court to submit requests for instructions to the jury before the court begins its charge; but the court should not arbitrarily refuse, especially in criminal cases, to give instructions requested at the conclusion of its charge which it was its plain duty

in the interests of justice to give without being requested to do so.

"Besides, the orderly way is to prefer such a request in writing so that the trial court may know definitely what it is, and the appellate court may be able to inspect it with the view of ascertaining whether in its opinion the proposition of law asserted is correct and is applicable to the facts of the case.

"The refusal of a mere oral request to charge generally upon some question of law presents nothing to an appellate court for review. Holmgren v. United States, 217 U. S. 509, 524, 30 S. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778; Greenberg v. United States (C. C. A.) 297 F. 45; 14 R. C. L. 804."

In this circuit, this court in Hermansky v. United States, 7 F.(2d) 458, 460, said: "It is insisted under assignments of error 25 and 26 that the court erred in not instructing the jury with reference to the testimony of the character witnesses produced by the defendant. Good character is not a defense, but evidence of good character may raise a reasonable doubt in the minds of the jury as to a defendant's guilt. The court should have instructed on this question, and doubtless, if defendant had asked for such instruction, the court would have given the same. Defendant, however, did not ask such instruction, nor did he except to the failure of the court to instruct thereon. Not having done so, he is not in a position now to raise the question."

In Sunderland v. United States, 19 F. (2d) 202, 216, this court concluded that the various proceedings mentioned and commented upon indicated that the appellant had not had a fair trial and in defining certain essential elements of a fair trial in a criminal case, the court said: "It means that, if evidence of good character of the defendant is introduced, an adequate instruction to the jury shall be given touching the probative value of such evidence."

In that case the court had given an incomplete instruction on the effect of good character as evidence, and a request had been made to the court "to amplify" this statement by telling the jury the probative effect which evidence of good character might have and it appears that the request was also for an instruction recognizing the rule approved by this court in repeated decisions. In Salinger v. United States (C. C. A.) 23 F.(2d) 48, 52, 53, there was a request by the defendant for an instruction on the weight to be given to evidence of good character and reputation, and the defendant excepted to the instruction then given as not fully stating the law

upon that subject. This court held that the refusal to give an instruction fully covering the subject was error. It was also stated that when evidence of his good character is given, the defendant is entitled, and especially when a request is made, to an instruction as to the purpose and effect of such evidence, and that it is the duty of the court to give such an instruction although not requested. There can be no doubt of the general principle that it is the duty of the court, whether a request is or is not made, to instruct the jury upon the essential issues in any case. It is likewise the duty of the court to see that the instructions which are given are correct and the giving of an erroneous instruction, although no proper exception is taken, may be as prejudicial as a mere failure to instruct on some feature of the case. There is no right to a review of an erroneous instruction given unless an exception, proper in form, is taken to such instruction. Holder v. United States, 150 U. S. 91, 92, 14 S. Ct. 10, 37 L. Ed. 1010; Allis v. United States, 155 U. S. 117, 122, 15 S. Ct. 36, 38, 39 L. Ed. 91; Lewis v. United States, 146 U. S. 370, 379, 13 S. Ct. 136, 36 L. Ed. 1011; Burns v. United States, 274 U. S. 328, 336, 47 S. Ct. 650, 71 L. Ed. 1077; Tucker v. United States, 151 U. S. 164, 170, 14 S. Ct. 299, 38 L. Ed. 112; St. Clair v. United States, 154 U. S. 134, 153, 14 S. Ct. 1002, 38 L. Ed. 936. In Allis v. United States, supra, the court said: "Evidently the claim of coercion is an afterthought from subsequent study of the record. But it is settled that no such afterthought justifies a reviewing court in reversing the judgment. A party must make every reasonable effort to secure from the trial court correct rulings, or such at least as are satisfactory to him, before he will be permitted to ask any review by the appellate tribunal; and to that end he must be distinct and specific in his objections and exceptions. Rule 4 of this court provides: 'The party excepting shall be required to state distinctly the several matters of law in such charge to which he excepts; and those matters of law, and those only, shall be inserted in the bill of exceptions and allowed by the court.' Repeated decisions have emphasized the necessity of a strict adherence to this rule. 'However it might pain us to see injustice perpetuated by a judgment which we are precluded from reviewing by the absence of proper exceptions to the action of the court below, justice itself, and fairness to the court which makes the rulings complained of, require that the attention of that court shall be specifically called to the precise point to which exception is taken, that it may have an opportunity

to reconsider the matter and remove the ground of exception.' Harvey v. Tyler, 2 Wall. 328, 339 [17 L. Ed. 871]. 'If it was intended to save an exception as to distinct propositions embodied in the instructions, the attention of the court should have been directed to the specific points concerning which it was supposed error had been committed.' Moulor v. Am. Life Ins. Co., 111 U. S. 335, 337 [4 S. Ct. 466, 28 L. Ed. 447]. 'An exception "to all and each part" of the charge gave no information whatever as to what was in the mind of the excepting party, and therefore gave no opportunity to the trial court to correct any error committed by it.' Block v. Darling, 140 U. S. 234, 238, 11 S. Ct. 832 [35 L. Ed. 476]. See, also, Phoenix Life Ins. Co. v. Raddin, 120 U. S. 183, 7 S. Ct. 500 [30 L. Ed. 644], and cases cited in the opinion; N. Y. & Colorado Mining Syndicate & Co. v. Fraser, 130 U. S. 611, 9 S. Ct. 665 [32 L. Ed. 1031]; Anthony v. Louisville & Nashville Railroad, 132 U. S. 172, 10 S. Ct. 53 [33 L. Ed. 301]."

The rule derivable from these cases and which was stated and applied by this court in Hermansky v. United States, supra, is that no reversal may be had, as a matter of right, because of the giving of erroneous instructions, where no proper exception has been saved, or because of error in the failure to give instructions, where no proper request or exception has been made. The reversals reached in some of the cases cited are well justified by the principle that an error may be of such a nature, and in a matter so absolutely vital to a party's rights, and especially in a criminal case, as to justify an appellate court in noticing and correcting it, although the appellant has no right of review. Wiborg v. United States, 163 U. S. 632, 658, 16 S. Ct. 1127, 1197, 41 L. Ed. 289; Clyatt v. United States, 197 U. S. 207, 221, 25 S. Ct. 429, 49 L. Ed. 726; Crawford v. United States, 212 U. S. 183, 194, 29 S. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392; Weems v. United States, 217 U. S. 349, 362, 30 S. Ct. 544, 54 L. Ed. 793, 19 Ann. Cas. 705; Brasfield v. United States, 272 U. S. 448, 450, 47 S. Ct. 135, 71 L. Ed. 345; Van Gorder v. United States, 21 F.(2d) 939, 942 (8 C. C. A.).

The trial court told the jury that the defendant was to be presumed innocent until his guilt was proved beyond a reasonable doubt, and instructed the jury as to what must be proved before guilt could be established. The appellant assigns that it was erroneous to fail to add that every material allegation must be proved beyond a reasonable doubt, that the indictment should not be considered as evidence, that any presumption that the police officer who testified for the government, was doing his duty, was not conclusive if the proofs showed the contrary, and that the court erred in telling the jury to consider the motives of the police officer, in weighing his testimony. Not only was there no request or exceptions relating to these matters, but after the charge was completed the court asked if there were any exceptions and defendant's counsel said that they had none. In this situation the language of the Supreme Court in Boyd v. United States, 271 U. S. 104, 108, 46 S. Ct. 442, 443, 70 L. Ed. 857, is applicable: "With that addition the charge elicited no criticism or objection from the defendant, although there was full opportunity therefor. It evidently was regarded as consistent and satisfactory. Besides, in view of what was said in other parts of the charge, we are justified in assuming that, had the court's attention been particularly drawn at the time to the part complained of now, it would have been put in better form. Certainly, after permitting it to pass as satisfactory then, the defendant is not now in a position to object to it. McDermott v. Severe, 202 U. S. 600, 610, 26 S. Ct. 709, 50 L. Ed. 1162; United States v. U. S. Fidelity Co., 236 U. S. 512, 529, 35 S. Ct. 298, 59 L. Ed. 696; Norfolk & Western Ry. Co. v. Earnest, 229 U. S. 114, 119, 120, 33 S. Ct. 654, 57 L. Ed. 1096, Ann. Cas. 1914C, 172." See Wong Tai v. United States, 273 U. S. 77, 83, 47 S. Ct. 300, 71 L. Ed. 545.

The alleged errors, if any, have been considered under the discretionary powers of the court, and the conclusion has been reached that they were not of such a vital nature as to call for a reversal. Boehm v. United States, 21 F.(2d) 283, 284 (8 C. C. A.); Hammert v. United States, 14 F.(2d) 827, 828 (8 C. C. A.); Davis v. United States, 9 F.(2d) 826, 830 (8 C. C. A.); McCormick v. United States, 9 F.(2d) 237, 240 (8 C. C. A.); Feinberg v. United States, 2 F.(2d) 955, 956 (8 C. C. A.).

To prove the facts charged in the indictment, the government relied chiefly upon the testimony of a police officer of Kansas City, Missouri. After this witness had testified to the principal facts, the prosecuting attorney asked the witness if he had ever received any money from the defendant for bootleg protection or for any other purpose. He answered that he had never received any money from the defendant or from any one else.

532

On cross-examination, the defendant's counsel went into that subject of inquiry at great length. The defendant, as a witness, testified that he had paid this officer $50 per month for protection for a period of three years, ending five years before the date of the alleged offense for which the defendant was on trial. There was no objection to any of this evidence, although it was obviously foreign to any issue in the case. In the opening argument to the jury the prosecuting attorney, with needless emphasis, referred to the testimony as an outrageous attack upon the police officer. The defendant objected to this statement, but his objection was overruled. Another objection was made and overruled to an uncompleted statement made by the prosecuting attorney in the closing argument to the jury in which he said, in substance, that he felt that the jury system was on trial, if a defendant could hope for an acquittal on such testimony as he had produced. This court has frequently condemned unfair and intemperate statements made by prosecuting attorneys in the course of criminal trials, and has no disposition to recede from that condemnation, but it is recognized that there must be a reasonable latitude for the arguments of an advocate. Green v. United States, 266 F. 779, 784 (8 C. C. A.); Chadwick v. United States, 141 F. 225, 245 (6 C. C. A.); Diggs v. United States, 220 F. 545, 555, 556 (9 C. C. A.); Remus v. United States, 291 F. 501, 511 (6 C. C. A.); Di Carlo v. United States, 6 F.(2d) 364, 368 (2 C. C. A.).

It is not believed that the characterization of a portion of the evidence, or the expression of the opinion of the prosecuting attorney is so far beyond the bounds of permissible argument, as to require a new trial of the defendant.

That portion of the judgment founded upon the first count of the indictment will be affirmed, and the portion of the judgment founded upon the second count will be reversed.